## SATERFIELD *et al. v.* MOORE.

Where on the trial of an issue formed by the filing of a defense by two joint defendants to the foreclosure of an alleged landlord's lien for supplies furnished to make a crop, it does not appear that the relation of landlord and tenant existed between the plaintiff and both defendants, or that any demand for payment was made prior to the foreclosure, no legal judgment establishing such lien can be rendered.

Submitted March 14, — Decided April 9, 1900.

Certiorari.    Before Judge Estes.    White superior court. April term, 1899.

*J. C. Edwards,* for plaintiffs in error.
*I. L. Oakes* and *J. W. H. Underwood,* contra.

LITTLE, J.    Moore made and filed with a justice of the peace his affidavit seeking to foreclose a landlord's lien for supplies furnished to Saterfield and Tomlin. Affiant alleged that the defendants were indebted to him in a named sum on a promissory note for supplies furnished them to aid in making a crop for the year 1898 on the land of the affiant, the amount and value of which was represented by said note. He alleged that he had made a demand for payment on the defendant. On this foreclosure an execution was issued against Saterfield and Tomlin, and levied on certain farm products. The defendants

filed an affidavit of illegality, alleging that the fi. fa. had issued and was proceeding illegally; because they did not sign and execute the note; and because no demand was ever made on them; and for other causes stated. Saterfield also filed a counter-affidavit in which he denied that he was indebted to the plaintiff in any sum, and denied that he ever was furnished any supplies by Moore. A trial before a jury in the justice's court on the issues formed resulted in a verdict for the plaintiff for $48.25, and the defendants petitioned the judge of the superior court for a writ of certiorari, specifying a number of errors which they alleged were committed. The application for the writ was sanctioned; and it appears by the answer of the justice that Moore testified that he rented the land to Saterfield for 1898; and, while he knew that Tomlin intended to aid in making the crop, that he was content for Saterfield and Tomlin to make such arrangements between them as they saw proper; that the supplies represented by the note were sold to Saterfield, but that Tomlin also joined in the execution of the note, as they were making the crop together; that the supplies were delivered to Saterfield, and that he demanded payment from the latter before he foreclosed his lien. He further testified that Tomlin did not rent any land from him for the year 1898, and was not his tenant. Much other evidence also appears in the answer, none of which contradicts the foregoing statements. On the final hearing the court overruled the certiorari, and the plaintiffs in error excepted on a number of grounds.

We do not find it necessary to consider or pass upon various exceptions which appear in the petition for the certiorari. The judgment below must be reversed because of the insufficiency of the evidence to show the existence of any lien on the property of Tomlin, one of the defendants. In his evidence, Moore stated that Tomlin might have gotten a portion of the supplies which he furnished; and it is difficult, at least, to say what part of such supplies was furnished to Saterfield and what was furnished to Tomlin. The execution was issued against them jointly, and appears to have been levied on property in which both had an interest. If, therefore, the defendant in error had no lien on the property of either, the execution was improperly issued, and

should be vacated and set aside. While it satisfactorily appears that Tomlin joined in the execution of the instrument which manifested the indebtedness of Saterfield and himself, and which, it is claimed, establishes the fact that the supplies were furnished to both, it does appear from the evidence of Moore himself that Tomlin was not his tenant, and that he never made a demand on him for the payment of the debt. In order for Moore to enforce a landlord's lien for supplies furnished, each of these facts must satisfactorily appear, and if either be wanting no lien exists. It is provided by section 3126 of the Civil Code that landlords may have by special contract in writing a lien upon the crops of their tenants for provisions, etc., furnished such tenants for the purpose of making their crops; and by section 2800 that landlords shall have the right to secure themselves from the crop of the year for such supplies as may be furnished, on such terms as they may agree on; and by subdivision 1 of said section it is provided that these liens shall arise by operation of law from the relation of landlord and tenant as well as by special contract in writing, whenever the landlord shall furnish the supplies to his tenant. And in order to effect a legal foreclosure of the same, a demand for payment is necessary, except under particular circumstances not applicable here. Civil Code, § 2816. So that, in order to establish such a lien, it must appear that the relation of landlord and tenant existed between the parties, and that a demand for payment was made before foreclosure. As to Tomlin neither of these conditions satisfactorily appears, and it follows that as the facts appear in this record Moore had no lien on the property of Tomlin. The judgment overruling the certiorari on the final hearing was therefore error and must be

<div align="right">

*Reversed. All the Justices concurring.*